WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Peter Pototsky,

         Plaintiff,

v.

Ralph Basham, et al.,

         Defendants.

CV 07-144 TUC DCB

**ORDER**

On March 27, 2007, Plaintiff filed this case *pro se.* According to the lodged First Amended Complaint, the Plaintiff was employed as a pilot with Atlas Air, Inc. He flew freight in and out of Huntsville, Alabama. On February 26, 2006, an Inspector at the Huntsville Alabama International Airport acted inappropriately and in a harassing fashion.[1] When Plaintiff contacted the Customs and Border Protection (CBP) office, Richard Hale, the Port Director was uncooperative and refused to lodge Plaintiff's complaint against the Inspector. Instead, Mr. Hale contacted Plaintiff's superior at Atlas Air, the System Chief Pilot Michael Bryant. Mr. Bryant urged Mr. Hale to file a complaint against the Plaintiff, which Mr. Bryant then relied on to initiate an employment disciplinary action against the Plaintiff.

Plaintiff alleges in the First Amended Complaint that Mr. Hale attempted to deprive him of his right to report the Inspectors behavior and that the memo written by Mr. Hale was slanderous and resulted in tortious interference with the economic advantage of his contract

---

[1] *See* (Plaintiff's Memorandum in Opposition to Motion to Dismiss at 8 (suggesting that the Inspector may have conducted improper search and seizure or acted in a sexually harassing manner).

1  with Atlas Air. He alleges that Mr. Bryant's actions did the same. He charges that Mr. Hale
2  assisted Mr. Bryant in committing fraud and racketeering. Plaintiff alleges that through the
3  Freedom of Information Act (FOIA), he attempted to secure documents from the CBP, which
4  this Court assumes were related to the disciplinary action. In violation of the FOIA, the
5  documents released by the agency were improperly redacted and he was not allowed to
6  correct errors in the record in violation of the Privacy Act.

7  This is the eighth case filed in this Court by the Plaintiff. All of which have been
8  dismissed with Judgements entered against him. *Pototsky v. Equifax*, CV 94-515 TUC
9  WDB, was dismissed with prejudice by stipulation of the parties. *Pototsky v. AMR
10 Corporation,*[2] CV 95-166 TUC WDB, was dismissed for Plaintiff's failure to pay a filing fee
11 after the court denied him leave to proceed *in forma pauperis*. *Pototsky v. Equifax Credit
12 Information Services*, CV 96-480 TUC RMB, was dismissed, with attorney fees and costs
13 awarded against the Plaintiff. *Pototsky v. United States Navy*, CV 02-546 TUC JMR, was
14 dismissed by the court without prejudice ten days after it was filed. *Pototsky v. the State of
15 Arizona*, CV 03-206 TUC FRZ, was dismissed by summary judgment for the defendant. The
16 Ninth Circuit affirmed the decision. *Pototsky v. Janet Napolitano, Governor or Arizona*, CV
17 04-201 TUC EHC, was dismissed by motion in favor of defendants and affirmed by the court
18 of appeals. *Pototsky v. Atlas Air Inc.*, CV 06-225 TUC FRZ, is currently pending.

19 The Court cautions the Plaintiff regarding the use of the courts in a vexatious fashion
20 and that the courts have the inherent power to regulate the activities of abusive litigants by
21 imposing carefully tailored restrictions under appropriate circumstances which would warrant
22 an exception to the general rule of free access to the courts. *De Long v. Hennessey*, 912 F.2d
23 1144, 1147 (9th Cir. 1990) (citations omitted). The dockets[3] in the above cases suggest that
24 some limitation on Plaintiff's access to this Court might be appropriate at this time or in the

---

[2] AMR is Atlas Air's parent corporation.

[3] The files for these cases are archived and cannot be reviewed by the Court without taking special measures for their production.

2

future, but before such an order would issue, the Court would afford the Plaintiff an opportunity to be heard on the question.

The review of the above dockets, however, reflects that the claims raised by the Plaintiff in this action are not duplicitous of claims raised in any of these other cases. The Court shall, therefore, allow the Plaintiff to file the First Amended Complaint, lodged with the Court on July 23, 2007. The amendment is necessary to name the proper party in the FOIA claim: the Department of Homeland Security. *See* (Motion to Dismiss Complaint as to Federal Defendants at 2) (citations omitted). The amendment does not, however, cure the remaining deficiencies identified by the Defendants, which require dismissal of Defendants Hale, Bryant, and Atlas Air, Inc.

Defendants Hale and Bryant must be dismissed for lack of jurisdiction. There is no personal jurisdiction over them because they had no contacts with the forum state of Arizona to satisfy the Due Process Clause of the Constitution. *See* (Motion to Dismiss Complaint as to Federal Defendants at 3-5). It is not enough that the Plaintiff lived in Arizona the entire period these actions occurred and that his damages were felt here. *See* (Plaintiff's Opposition to Motion to Dismiss at 1-2.) Plaintiff does not allege any facts to show that Defendant Bryant committed any acts aimed at Arizona to support a finding that the effects of their conduct was aimed at Arizona. *See* (Bryant's Reply in Support of Motion to Dismiss at 2-4 (discussing *Calder v. Jones*, 465 U.S. 783 (1984) effects test). This Court's focus is on the relationship between the Defendants, the forum state, and the litigation, and concludes there is no personal jurisdiction over these Defendants. Even if it evaluates this relationship by the effects test, the Court determines that the Defendants did not purposefully avail themselves of the privilege of conducting activities in this state. *Id.* (citations omitted)

Unlike Plaintiff's ERISA case that is currently pending before the Honorable Frank R Zapata and assigned to Magistrate Judge Pyle, here, there is no personal jurisdiction over Defendant Atlas Air. Under ERISA, a claim may proceed in any district court where a defendant resides or may be found. 29 U.S.C. § 1132(e). Here, there must be facts alleged

in the Complaint upon which the Court may secure personal jurisdiction over Atlas Air. The same problems with exercising personal jurisdiction over Defendants Bryant and Hale, exist for Defendant Atlas Air.

Further, Plaintiff has failed to allege any facts to support his claims under 42 U.S.C. § 1983 and 1985. *See* (Bryant's Opposition to Plaintiff's Motion for Leave to Amend Complaint at 3-4.) He only alleges that the Defendants deprived him of his rights to file a complaint, but not every right is a constitutional right. So, for example there is no constitutional right to file a complaint with your Congressman, whereas there may be constitutional magnitude to a whistle-blowing-type complaint regarding an alleged constitutional violation, such as an illegal search and seizure. If Plaintiff is complaining that Defendant Atlas Air brought the disciplinary action against him in retaliation of his constitutional right to file an ERISA claim, this charge is more appropriately brought in the ERISA case. Plaintiff fails to allege any facts to support his claims of fraud and racketeering. *Id.*

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1356 at 303-310 (2nd ed. 1990). Therefore, the Court's inquiry is directed to whether the allegations constitute a statement of a claim under Fed. R. Civ. P. 8(a). To comport with Rule 8 of the Federal Rules of Civil Procedure, the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.8(a)(2).

There need not be an elaborate recitation of every fact a plaintiff may rely upon at trial in order to withstand a motion to dismiss, but there must be a finding that the First Amended Complaint gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Conclusory and vague allegations will not support a cause of action, *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); nor, can liberal construction of Plaintiff's First

4

Amended Complaint supply essential elements necessary to sustain this action. *Id.*; *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972). The First Amended Complaint must contain sufficient details so that this Court can determine whether or not a justiciable claim exists as to each Defendant. Fed. R. Civ. P. 8(a).

The Supreme Court has explained that to survive a motion to dismiss for failure to state a claim upon which relief can be granted, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007) (citations and internal quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964 (citations and internal quotations omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1968 (abrogating a literal reading of *Conley*: "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")

Under Rule 12(b)(6), all factual allegations are taken as true and construed in the light most favorable to the nonmoving party, *Iolab Corp. v. Seaboard Sur. Co.,* 15 F.3d 1500, 1504 (9th Cir.1994), and all reasonable inferences are to be drawn in favor of that party as well. *Jacobsen v. Hughes Aircraft,* 105 F.3d 1288, 1296 (9th Cir.1997). Dismissal is appropriate if the facts alleged do not state a claim that is "plausible on its face." *Twombly*, 127 S. Ct. at 1973. Requiring Plaintiff to allege facts which plausibly support (not merely consistent with) his claims reflects Rule 8(a)(2)'s threshold requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." *Id*. at 1959.

A *pro se* litigant should, however, be given an opportunity to amend the compliant to overcome a deficiency unless it is clear that no amendment can cure the defect. *See eg.,*

*Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Lopez v. Smith*, 203 F.3d 1122, 1129-1131 (9th Cir. 2000). Here, no amendment can cure the Court's lack of personal jurisdiction over the Defendants Hale, Bryant, and Atlas Air. Therefore, any amendment to cure the deficiencies in the claims against them would be futile. Further, no amendment can cure the deficiency in Plaintiff's tortious interference with economic advantage claims against Bryant and Atlas Air because they are not third parties, and the claim requires third-party interference with the Plaintiff's Atlas' employment relationship. *See* (Bryant's Opposition to Plaintiff's Motion to Amend Complaint at 4.)

**Accordingly,**

**IT IS ORDERED** that the Plaintiff's Motion to Amend/Correct Complaint (document 17) is GRANTED. The Clerk of the Court shall file the First Amended Complaint, lodged with the Court on July 23, 2007.

**IT IS FURTHER ORDERED** that Defendants motions to dismiss (document 8 and 16) are GRANTED, dismissing Defendants Hale, Bryant, and Atlas Air for lack of personal jurisdiction and failure to state a claim. All claims are dismissed, except the FOIA claim against Defendant the Department of Homeland Security.

**IT IS FURTHER ORDERED** that the Plaintiff shall be granted 30 days to serve the First Amended Complaint on the Department of Homeland Security, pursuant to Fed. R. Civ. P.4(i)(2)(A). Plaintiff shall also serve a copy of this Order on the Defendant.

**IT IS FURTHER ORDERED** that upon the Government's filing an Answer, the Court shall set the case for a scheduling conference, pursuant to Fed. R. Civ. P. 16.

/////

/////

/////

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Preliminary Injunction (document 2) is DENIED.

DATED this 30th day of November, 2007.

David C. Bury
United States District Judge